UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 05-10115-JLT |
| | ) |
| DAVID R. ROSANINA, | ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.,**

WHEREAS, on April 28, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen count Indictment charging defendant David R. Rosanina (the "Defendant"), with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, which, as a result of the offenses alleged in Count One of the Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the charged offense, and any and all property used or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in the Indictment;

WHEREAS, on July 15, 2005, the United States submitted the United State's Bill of Particulars for Forfeiture of Assets (see Document No. 67), specifically giving notice that the United

States would seek the forfeiture of the following property from the Defendant:

  a. $18,100 in United States currency, seized on or about March 31, 2005, from 341 Orchard Street, New Bedford, MA;

  b. A 1999 Mercedes E-430, VIN # WDBJF70H9XA948076, license number RS3706, seized on March 31, 2005 from 341 Orchard Street, New Bedford, Massachusetts; and

  c. A 1994 Ford Ranger, VIN # 1FTCR10A6RTA32920, license number TC20BV, seized on April 5, 2005 from 341 Orchard Street, New Bedford, Massachusetts,

(collectively, the "Properties");

WHEREAS, on November 20, 2006, at a change of plea hearing, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Properties; and

WHEREAS, based upon the evidence set forth at the November 20, 2006 plea hearing, the United States has established the requisite nexus between the Properties and the offense to which the Defendant has pleaded guilty, and by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the guilty plea and subsequent conviction of the Defendant, that the government has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Properties and maintain them in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Properties in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than

the Defendant, asserting a legal interest in the Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated: 6/18/07

JOSEPH L. TAURO
United States District Judge

4